# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JERRY RAY HALL, | CASE NO. 7:19CV00812 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| DR. SMITH, ET AL., | By: Glen E. Conrad |
| | Senior United States District Judge |
| Defendants. | |

Plaintiff Jerry Ray Hall, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he has been denied adequate medical care in prison. Upon review of the record, the court finds that the action must be summarily dismissed.

Hall is currently confined at Augusta Correctional Center ("Augusta"). In the claims section of his § 1983 form, he states: "Dr. Smith said he don[']t take out hernias he get Augusta Health to put mesh inside a person." Compl. 2, ECF No. 1. Hall asserts, "The only treatment for a hernia is surgery." Id. at 3. In the complaint, Hall does not allege that he has a hernia.[1]

In a later submission, docketed as additional evidence, Hall alleges that he has had three hernias on his right side for a year, which Dr. Smith says are "reducible."[2] Add. Evid. 4, ECF No. 6. Hall states further that "it [is] hanging out more," causes him pain while walking, and stops him from exercising. Id. He claims that the medical department does not care and that nothing has been done for him.

In another later submission, Hall complains that on January 24, 2020, he fell and injured his right wrist when it "folded backward." Add. Evid. 16, ECF No. 8. That same day, Hall filed

---

[1] The complaint also includes a section of general allegations about inadequate treatment of inmates' hernias at Augusta that reads like a brief from some other lawsuit and contains no facts whatsoever about Hall's condition, his treatment needs, or the treatment provided to him. See gen. Compl. 3-5, ECF No. 1.

[2] According to Hall, a "reducible" hernia can "be pushed back into place." Compl. 4, ECF No. 1.

a sick call request, followed by four emergency grievances over the next three days. Each time a nurse responded and said that his situation was not an emergency. He was notified that if he had placed a sick call request, he should watch the master pass list for a doctor's appointment. On Monday, January 27, 2020, Dr. Smith examined Hall and ordered an X ray of his hand to be conducted the next day.

In Hall's § 1983 complaint, he sues Dr. Smith and the "medical dept.," asking for monetary damages. He admits that he has not filed any grievances regarding his medical complaints, alleging that "they refused me the grievance procedure." Compl. 1, ECF No. 1. Hall also moves for certification of his case as a class action involving unspecified other persons.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim under § 1983, the plaintiff must allege facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). Because liability under § 1983 is personal, the "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A prison official's deliberate indifference to an inmate's serious medical need violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official is "deliberately indifferent" if he or she "knows of and disregards [or responds unreasonably to] an

excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The deliberate indifference standard "is not satisfied by . . . mere disagreement concerning '[q]uestions of medical judgment,'" Germain v. Shearin, 531 F. App'x 392, 395 (4th Cir. 2013) (quoting Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)), or mere negligence in diagnosis or treatment. Estelle, 429 U.S. at 105-106; see also Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977) ("[T]he essential test is one of medical necessity and not simply that which may be considered merely desirable.").

A significant delay in the treatment of a serious medical condition may indicate an Eighth Amendment violation, but only "if the delay results in some substantial harm to the patient." Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008).

> [A] delay with respect to hernia surgery does not necessarily constitute deliberate indifference, absent some resultant harm or a worsened condition. For example, in Price v. Carey, [the court] deemed an eight-month delay in providing elective hernia surgery as insufficient to constitute an Eighth Amendment violation, because the prisoner "did not present any information" to his physician during the intervening period "to indicate that his situation was an emergency mandating immediate treatment." No. 91-6643, 1992 WL 34208, at *4 (4th Cir. Feb. 26, 1992). On the other hand, in Garrett v. Elko, [the court] recognized an Eighth Amendment claim where the prisoner's hernia surgery was delayed for four years, in the face of continual "complaints of intense pain, anxiety, and limited mobility." No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

Id. at 167. Thus, a hernia sufferer like Hall states a § 1983 claim only if he plausibly alleges that "the delay in his surgery caused him substantial harm—evidenced by, for example, a marked increase in his hernia's size, frequent complaints of severe pain, or signs that his hernia was becoming non-reducible or incarcerated." Id.

Hall's complaint and other submissions do not provide a factual basis for an Eighth Amendment claim regarding his hernia. By his own admission, Dr. Smith has advised that his hernias are reducible and has mentioned a treatment option involving mesh that Hall apparently

3

does not find sufficient.  Hall's belief that he should have had surgery by now is nothing more than a disagreement with the doctor's medical judgment that surgery is not currently a medical necessity and that other options should be considered.  Such disagreements between a patient and his medical providers are not actionable under § 1983.  Because Hall does not plausibly allege that the delay in ordering surgery has caused, or will cause, him substantial harm, he fails to state an Eighth Amendment claim against anyone concerning his hernias.

The court will construe Hall's later-added allegations about his wrist injury as a motion to amend the complaint.  The information about a new and separate medical complaint does not cure any of the noted deficiencies in Hall's complaint and amendments about his hernias.  Because the court has found the underlying complaint must be dismissed for failure to state an actionable claim, the court will dismiss the motion to amend as moot.

For the reasons stated, the court will dismiss Hall's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim.  Dismissal without prejudice leaves Hall free to refile his claims in a new and separate civil action, provided that he corrects the pleading deficiencies identified in this opinion and complies with exhaustion and financial prerequisites for a prisoner-filed § 1983 action.

The clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**:  This  14th day of April, 2020.

_____
Senior United States District Judge